IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JUDY ELWELL, | ) |
| | ) |
|          Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-10-1169-C |
| | ) |
| (1) STATE OF OKLAHOMA, ex rel., | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY OF OKLAHOMA, | ) |
| | ) |
|          Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Judy Elwell filed suit against Defendant Board of Regents of the University of Oklahoma claiming unlawful disability discrimination in violation of state law and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12201, et seq. Defendant filed the present Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) claiming this Court lacked the required subject matter jurisdiction due to the State's Eleventh Amendment immunity and under Rule 12(b)(6) claiming that Plaintiff failed to sufficiently state a claim for relief.

### I. BACKGROUND

For seven years, Plaintiff worked as a programs specialist in the College of Continuing Education, Center for Public Management, at the University of Oklahoma. (Pl.'s Compl., Dkt. No. 1, at 2.) During the last four years of her employment, Plaintiff had a spinal and nerve injury that grew progressively worse. (Id.) Plaintiff asserts that despite knowing about her injury, Defendant refused to take prescribed necessary steps to

accommodate Plaintiff's injury and that Defendant did so intentionally as a method of harassment.  (Id. at 3.)  Additionally, Plaintiff claims Defendant discriminated against her due to her injuries, and, ultimately, terminated her due to her disability.  (Id. at 4.)

## II.  STANDARD OF REVIEW

Under Rule 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction may take the form of either a facial attack or a factual attack.  Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 & n.1 (10th Cir. 2010).  A facial attack challenges the court's jurisdiction by looking only to the factual allegations of the complaint.  "A factual attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."  Id. (citing Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001)).  Here, Defendant challenges the Court's jurisdiction based only on the factual allegations of the Complaint and not on any additional evidence.  Accordingly, Defendant facially attacks the Court's jurisdiction over Plaintiff's claims, and, therefore, the Court must look to and accept as true the Complaint's factual allegations.  Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995); Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).

## III.  DISCUSSION

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Eleventh Amendment immunity limits courts' judicial power under Article III and has been recognized to protect states from suits brought by its own citizens as well as diverse citizens. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (10th Cir. 1997). As an "arm of the state," the Board of Regents of the University of Oklahoma is entitled to Eleventh Amendment immunity. See Seibert v. Oklahoma, 867 F.2d 591, 594-95 (10th Cir. 1989), abrogated on other grounds by Fed. Lands Legal Consortium ex rel. Robart Estate v. United States, 195 F.3d 1190 (10th Cir. 1999). A citizen may sue a state despite its Eleventh Amendment immunity if Congress has validly abrogated the states' immunity pursuant to its powers under Section Five of the Fourteenth Amendment, or if the state waives its immunity from suit. Seminole Tribe of Fl. v. Florida, 517 U.S. 44, 55-56 (1996); Coeur d'Alene Tribe, 521 U.S. at 267. Additionally, a citizen may sue a state for prospective injunctive relief under Ex Parte Young, 209 U.S. 123 (1908). Here, the State has not waived its immunity from suit and Plaintiff seeks monetary damages from the State for past injury, rendering Ex Parte Young inapplicable. Accordingly, for Plaintiff to continue her ADA suit against the State, the State's immunity must have been validly abrogated by Congress.

The Supreme Court found that Congress exceeded its Section Five enforcement power under the Fourteenth Amendment when it abrogated states' Eleventh Amendment immunity from suits brought by citizens under Title I of the ADA. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 360, 368, 376 (2001) (finding that "[t]he legislative record of the ADA, however, simply fail[ed] to show that Congress did in fact identify a pattern of

3

irrational state discrimination in employment against the disabled."). However, as to Title II of the ADA, the Court found that Congress's abrogation of the states' Eleventh Amendment immunity was within its Section Five powers and, therefore, was a valid abrogation. Tennessee v. Lane, 541 U.S. 509, (2004) (finding state that denied paraplegics physical access to state courts violated Title II of the ADA).

Defendant asserts the Court lacks subject matter jurisdiction due to its immunity from suit under the Eleventh Amendment. Plaintiff claims that Congress abrogated states' Eleventh Amendment immunity regarding Title II, and, therefore, this Court has subject-matter jurisdiction to hear her claims. Defendant counters that Plaintiff's attempt to recast her Title I employment discrimination claim as one under Title II goes against the text of the statute in an attempt to circumvent its immunity. Therefore, the determinative issue is whether a plaintiff may bring an employment discrimination claim against her employer under Title II, which validly abrogates states' Eleventh Amendment immunity. The Tenth Circuit has yet to explicitly rule on this issue, and the remaining circuits are either split or undecided. See Davoll v. Webb, 194 F.3d 1116, 1128-29 & n.2 (10th Cir. 1999) (deciding "not [to] address whether Title II in fact covers employment actions" because the issue was not raised at the district court level); Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1178 (9th Cir. 1999) (finding Title II does not encompass employment discrimination claims); Bledsoe v. Palm Beach Cnty. Soil & Water Conservation Dist., 133 F.3d 816, 825 (11th Cir. 1998) (finding Title II does encompass public employment discrimination claims). See, e.g., Perry v. State Ins. Fund, 83 F. App'x 351, 354 n.1 (2d Cir. 2003) (not reaching the

4

issue); Currie v. Group Ins. Comm'n, 290 F.3d 1, 9, 13 (1st Cir. 2002) (staying action under Colorado River abstention and not reaching the issue).

Title I of the ADA prohibits employment discrimination against "a qualified individual with a disability." Under Title I, "qualified individual with a disability" is defined, in the context of an employment relationship, as a person who with or without reasonable accommodation can perform the essential functions of the job. 42 U.S.C. § 12111(8). Title II states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Id. § 12132. Under Title II, an individual is one who "with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." Id. § 12131(2). "The definition of who qualifies for protection under Title II reflects its emphasis on the provision of public services and programs." Osborne v. Okla. Empl't Sec. Comm'n, No. CIV-05-1500-L, 2006 WL 2090089, at *2 (W.D. Okla. July 25, 2006) (unpublished) (finding that plaintiff may not assert employment discrimination claim under Title II and dismissing plaintiff's claims against the state based on Eleventh Amendment immunity).

The final clause of Title II protects qualified individuals with a disability from being "subjected to discrimination by any such entity." The natural reading of this text suggests

that the second clause relates to the first regarding "services, programs, or activities"—not that this final clause creates a "catch-all" prohibition against all discrimination by a public entity. Additionally, the format, including the headings of "Employment" for Title I and "Public Services" for Title II, all lead to the conclusion that employment discrimination claims are covered in Title I, not Title II.[*] See Zimmerman, 170 F.3d at 1178; Almendarez-Torres v. United States, 523 U.S. 224 (1998). The plain language of the ADA, when read as a whole, does not support a cause of action for employment discrimination under Title II.

Accordingly, Plaintiff may not bring an employment discrimination suit seeking monetary damages against the Board of Regents of the University of Oklahoma under Title II. Because Congress has not validly abrogated states' immunity under Title I and the State has not waived its immunity, the Court lacks subject-matter jurisdiction over Plaintiff's employment discrimination under Title I.

Regarding Plaintiff's state law claim under the Oklahoma Anti-Discrimination Act, Plaintiff asserts that Defendant waived its immunity and cites three cases as support for this waiver: Pellegrino v. State of Oklahoma ex rel., Cameron University, 2003 OK 2, ¶ 15, 63 P.3d 535, 540 (finding statutory notice requirements not applicable to tort claims against governmental employee acting outside scope of employment), Duncan v. Nichols Hills, 1996 OK 16, ¶¶ 29-30, 913 P.2d 1303, 1310 (finding the statutory notice provisions inapplicable

---

[*] Additionally, allowing employment discrimination claims under Title II in this context circumvents the Supreme Court's finding that Congress failed to show a pattern of irrational state discrimination in employment against the disabled and therefore was not empowered to abrogate the states' Eleventh Amendment immunity. See Garrett, 531 U.S. at 368.

to employment discrimination claims), and <u>Locke v. Grady County</u>, No. CIV-09-327-M, 2009 WL 1564221, at *2-3 (W.D. Okla. June 4, 2009) (dismissing plaintiff's Burk tort claim for failure to follow statutory notice procedures). However, these cases do not support the State's waiver of its Eleventh Amendment immunity, which, under Oklahoma statute, the State explicitly did not waive. The cited statutory provision that waives immunity regarding suits brought under Oklahoma Governmental Torts Claim Act ("OGTCA"), 51 Okla. Stat. § 151 <u>et</u> <u>seq.</u>, specifically excepts from this waiver the State's Eleventh Amendment immunity. <u>Id.</u> § 152.1(B) ("In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution.").

Plaintiff, as the party asserting jurisdiction, bears the burden of establishing that the Court has subject matter jurisdiction over her claims. <u>Montoya v. Chao</u>, 296 F.3d 952, 955 (10th Cir. 2002). Besides citing the previously mentioned cases, the only reference Plaintiff makes regarding her argument that the State waived its Eleventh Amendment immunity is to say that the OGTCA, which waives immunity within certain parameters, is not applicable to employment discrimination claims under the OADA—Plaintiff does not otherwise indicate that the State waived its Eleventh Amendment immunity regarding her claim. (Pl.'s Br., Dkt. No. 8, at 11 ("Defendant maintains that the [OGTCA] provides the only mechanism by which Defendant can waive immunity for OADA claims. However, the [O]GTCA does not apply to employment discrimination claims brought pursuant to the OADA.")). Consequently, the State is immune from Plaintiff's state-law claim seeking monetary damages for alleged employment discrimination, <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 121

(1984) ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."), and Plaintiff's state-law claim must be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

Because Defendant enjoys immunity under the Eleventh Amendment, the Court lacks subject-matter jurisdiction over Plaintiff's claims, which must be dismissed without prejudice. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006). Accordingly, Defendant's Motion to Dismiss (Dkt. No. 7) is herein GRANTED.

IT IS SO ORDERED this 8th day of February, 2011.

ROBIN J. CAUTHRON
United States District Judge